Dear Mr. Pucheau:
Your request for an Attorney General opinion has been forwarded to me for research and reply. In particular you asked the following questions:
 1. When a juvenile has been ordered into the custody of the State of Louisiana within a certain number of days and the State does not take a juvenile into custody within that length of time, is the State responsible for the payment in full of bills for the detention after the deadline for taking the juvenile into custody has expired?
 2. Further, if the State should fail to take the juvenile into custody within the time period prescribed by the order, does the City have the responsibility for any of the detention expenses subsequent to that day?
 3. Who bears the pre-adjudicative costs associated with the detention of a juvenile?
As initially written in Attorney General Opinion 81-411-A the Attorney General stated:
 ". . . Provision is made in the statutes for the construction and operation (emphasis added) of juvenile detention centers, as it is recognized that no one governmental entity is exclusively responsible for the construction, operation and maintenance. Thus, the State through the Department of Health Human Resources, the parishes through the parish governing authorities, and municipalities through the municipal governing authorities, may engage in the operation of juvenile detention centers. Also, these facilities may be jointly constructed by cooperative endeavor among two or more parishes or municipalities. (See R.S. 46:51, R.S. 46:1905, R.S. 46:1931, and Article VII, § 14C Louisiana Constitution of 1974) . . ."
In this opinion the Attorney General decided that the governing body responsible for placing a juvenile in the detention center is responsible for the expenses associated with the detention of that juvenile. La. R.S. 15:1099.6 and 15:1099.7.
In answering question 1, the opinion request indicated that the Louisiana Department of Public Safety and Corrections will eventually take custody of the juvenile. When the Louisiana Department of Public Safety and Corrections has the duty of taking custody of the juvenile the juvenile is either an adjudicated delinquent, or is a juvenile in need of supervision. When a delinquent juvenile or a juvenile in need of supervision is held at a non-state facility the Department of Public Safety and Corrections may pay for the detention expenses that result . La. R.S. 15:1085. The Department of Public Safety and Corrections will not reimburse the facility if there is no state facility or state agency's resources available. However, if a state facility or state agency's resources are available, the Department of Public Safety and Corrections will reimburse the facility's costs pursuant La. R.S. 15:1084.
In answering question 2, one must examine La. R.S. 15:1084 and La. R.S. 15:1085. Once the date arrives for the State to take custody of a juvenile that juvenile becomes the responsibility of the Louisiana Department of Health and Human Resources or the Department of Public Safety and Corrections. La. R.S. 46:51 La. R.S. 15:1085. With regard to a juvenile committing a criminal act the court will determine if the juvenile is a "delinquent or in need of supervision." La. R.S. 15:1085. If the juvenile is a delinquent the Department of Public Safety and Corrections will take custody of the juvenile.
The Department of Public Safety and Corrections will place the juvenile in either a state facility or a non-state facility. If the juvenile is placed in a non-state facility then "the Department of Public Safety and Corrections may make payments, at the rates established under R.S. 15:1084, for the care and treatment of a youth adjudicated delinquent or in need of supervision . . . ." La. R.S. 15:1085. If the Department of Public Safety and Corrections places the juvenile in a state facility the state pays the expenses associated with the juvenile's detention. If the Department of Public Safety and Corrections fails to place a juvenile in a detention facility, and the juvenile is the department's responsibility, the parish or city governing authority can request reimbursement from the state for any detention costs they may incur. La. R.S. 15:1085.
However, if the schedule under La. R.S. 15:1084 does not dictate enough compensation for the entire expense of detaining a juvenile then the parish or the local municipality must pay the excess costs. This is a logical conclusion because La. R.S.15:1085 says that the state "may" pay the expenses of detaining a juvenile. As a result, if the State does not pay for such a juvenile the local governing authority must pay for the juvenile. La. Atty. Gen. Op. No. 81-411-A.
In answering question 3, the governing authority requesting the juvenile's detention must pay the costs associated with that detention. LSA-Ch. C. Art. 815(D)(3) states:
 ". . . The governing authority of the parish or municipality requesting such placement and the administrator of the facility enter into a mutual agreement for reimbursement to the facility for the costs of the care provided."
For example, if the sheriff's office requests the detention of a juvenile the parish must pay the costs associated with the juvenile's detention. If the city police request the detention of the juvenile the city must pay the costs associated with the detention of the juvenile. As a result, the most important issue to consider in determining who pays the pre-adjudicative detention costs of a juvenile is which governing authority is requesting the detention. Whatever governing authority requests the detention must pay the pre-adjudicative detention costs.
I hope this opinion has adequately addressed your needs. If I can be of further assistance, please do not hesitate to contact me. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ FREDERICK A. DUHY, JR. Assistant Attorney General